**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> vs. <br><br> **JESSE A. VEAL,** <br><br> **Defendant** | **NO. 5: 06-CR-33 (HL)** <br><br> **VIOLATION:  Firearms Related** |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned.  The defendant was represented by Ms. Catherine Michelle Leek of the Federal Defenders Office; the United States was represented by Assistant U. S. Attorney Michael T. Solis.  Based upon the evidence presented and proffered to the court by counsel for the government and counsel for the defendant, as well as the contents of the Pretrial Services Report dated December 3, 2008,  I conclude that the following facts require the detention of the defendant pending the trial of this case.

### PART I - FINDINGS OF FACT

☐ **(1)** There is PROBABLE CAUSE to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

  ☐ under 18 U.S.C. §924(c).

☐ **(2)** The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☒ **(1)** There is a serious risk that the defendant will not appear.

☐ **(2)** There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence presented and proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated December 3, 2008, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the future appearance of the defendant Veal were he to be released from custody at this time. The offense charged against him is a serious firearms felony for which incarceration can be expected if he is convicted. His estimated federal sentencing guideline range computed by the U. S. Probation Office is 21 months to 27 months to be served in prison. Defendant Veal has had numerous arrests since 1986, all but one of which occurred in Bibb County, Georgia. He has a felony conviction in 1987 in the Superior Court of Bibb County, Georgia for the offense of PURCHASE, POSSESSION, MANUFACTURE, DISTRIBUTION OR SALE OF MARIJUANA. He also has several misdemeanor convictions in the State Court of Bibb County, including convictions for SIMPLE BATTERY and ESCAPE. In addition, he has pending in Lowndes County, Georgia, charges of POSSESSION OF COCAINE, POSSESSION OF TOOLS FOR THE COMMISSION OF A CRIME (Crack Pipe), and GIVING A FALSE NAME TO LAW ENFORCEMENT (10/9/08). Defendant Veal also has probation revocation in 2005 on the ESCAPE conviction in the State Court of Bibb County. He has a history of mental illness which includes admissions to Central State Hospital.

**Significantly, defendant Veal's whereabouts have been unknown for over two years despite numerous efforts by the U. S. Marshals Service to locate him. During that time period, even his close family members had no idea where he was. He was located by the Marshals only after being arrested in Valdosta, Georgia under the name of "Jesse James" and being identified by his fingerprints.** *See* **Government's Exhibits #1 and #2. Based on his behavior, the defendant's release from custody could once again result in his disappearance.**

**For the foregoing reasons, pretrial detention is mandated. IT IS SO ORDERED AND DIRECTED.**

### PART III - DIRECTIONS REGARDING DETENTION

**The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.**

**SO ORDERED, this 17th day of DECEMBER, 2008.**



*(signature: Claude W. Hicks, Jr.)*

**CLAUDE W. HICKS, JR.**
**UNITED STATES MAGISTRATE JUDGE**